Kari A. SINGLEY Appellant

v.

Robin FLIER and Villanova
University Appellee.

Superior Court of Pennsylvania.

Argued March 24, 2004.
Filed May 26, 2004.

Mitchell S. Clair, Philadelphia, for appellant.

John A. Gallagher, Norristown, for appellee.

Before: STEVENS, MONTEMURO * and KELLY, JJ.

OPINION BY MONTEMURO, J.

¶ 1 This is an appeal from the Order docketed September 11, 2003, in the Philadelphia County Court of Common Pleas, sustaining Defendant/Appellee Villanova University's preliminary objection to venue and transferring the case to Delaware County. We affirm.

¶ 2 On March 12, 2003, Plaintiff/Appellant Kari Singley filed this action in Philadelphia County for injuries she sustained after falling from a golf cart operated by Robin Flier in the parking lot of Villanova's field house on April 10, 2001. Villanova's campus is located in Delaware County, Pennsylvania. At the time of the accident, both Appellant and Flier were students at the University.

¶ 3 On April 30, 2003, Villanova filed a preliminary objection to venue, claiming that proper venue lay in Delaware County. Following arguments on September 10, 2003, the trial court entered the order *sub judice,* and this timely appeal follows.[1]

¶ 4 A trial court has "considerable discretion in determining whether or not to grant a petition for change of venue, and the standard of review is one of abuse of discretion." *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 579 A.2d 1282, 1284 (1990). "If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Estate of Werner ex. rel. Werner v. Werner,* 781 A.2d 188, 190

(Pa.Super.2001) (quoting *Masel v. Glassman,* 456 Pa.Super. 41, 689 A.2d 314, 316 (1997)). Because the plaintiff's choice of forum is given great weight, the moving party has the burden of proving that the original forum is improper. *Goodman v. Fonslick,* 2004 Pa.Super. 18, ¶ 4, 844 A.2d 1252 (Pa.Super.2004).

¶ 5 Pennsylvania Rule of Civil Procedure 2179 provides that a personal action may be brought against a corporation or similar entity, here a private university, in:

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose; or

(4) a county where a transaction or occurrence took place out of which the cause of action arose.

Pa.R.C.P. 2179(a). It is undisputed that Villanova's principal place of business is in Delaware County and that the accident occurred in Delaware County. Moreover, there is no allegation that any transaction or occurrence out of which the cause of action occurred took place in Philadelphia County. Therefore, venue properly lies in Philadelphia County only if Villanova "regularly conducts business" there.

¶ 6 To determine whether a corporate entity regularly conducts business in a particular county, we consider whether the corporate entity's contacts with that county are sufficient to compel it to defend itself there. *Krosnowski v. Ward,* 836 A.2d 143, 147 (Pa.Super.2003) *(en banc)* (citing *Purcell, supra*).

* Retired Justice assigned to Superior Court.

1. Robin Flier was dismissed from the case by stipulation of the parties.

[S]uch business contacts must be evaluated based on their quality and quantity. Quality of acts means those directly, furthering or essential to, corporate objects; they do not include incidental acts. Quantity means those acts which are so continuous and sufficient to be general or habitual. For corporate acts, those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct.

*Id.* (internal citations and punctuation omitted). Moreover, "each case must rest on its own facts." *Id.*

■ ¶ 7 First, Appellant claims that Villanova failed to meet its burden of proving improper venue when the only evidence it produced in support of its objection was a "demonstrably false affidavit." (Appellant's Brief at 11). In support of its preliminary objection, Villanova produced an affidavit from University Vice President Dr. Helen K. Lafferty. In it, Dr. Lafferty attests, *inter alia*, that Villanova has only one campus at which it provides educational services, that all of the University's educational facilities and classrooms are located on that campus, and that the University does not own or operate any real estate located in Philadelphia County. *See* Preliminary Objection for Improper Venue, Exhibit A, Affidavit at ¶¶ 3, 5, 6. In her Answer to the Preliminary Objection, Appellant attached a printout from Villanova's internet website which states that the University offers three graduate level courses in its Electrical and Computer Engineering (ECE) Department at the Philadelphia Naval Yard. (Plaintiff's Answer to Preliminary Objections of Defendant, Exhibit 1 at 2; Exhibit 2). At arguments on the preliminary objection, counsel for Villanova explained that Dr. Lafferty was unaware of those particular classes, and that she apologized for her apparent misstatement. (N.T., 9/10/03, at 8).

¶ 8 Failing to cite any authority, Appellant argues that this misstatement "thoroughly discredited" Villanova's objection, which should have been immediately overruled. (Appellant's Brief at 12). Although we agree that Dr. Lafferty should have known of the graduate courses offered in Philadelphia County, the only statement in her affidavit that this information undermines is her contention that all of Villanova's classes are held at its Delaware County campus. This "truth" is relevant to the underlying determination of whether venue in Philadelphia County is proper; it is not grounds for dismissing Villanova's preliminary objection outright. Therefore, Appellant's first claim fails.

■ ¶ 9 Next, Appellant contends that the trial court erred in determining that venue in Philadelphia was improper. Relying on information obtained from Villanova's website, Appellant lists five connections that the University has to Philadelphia to support her claim that it regularly conducts business in the County. These include: (1) the aforementioned ECE graduate courses offered at the Philadelphia Naval Yard; (2) practical experience for a nursing degree offered at several Philadelphia hospitals; (3) a course entitled "Tours of Philadelphia" offered by the History Department; (4) volunteer opportunities in Philadelphia offered by the Office of Campus Ministry; and (5) athletic matches held in Philadelphia by both the women's crew team and the men's basketball team. We find these connections of insufficient quality and quantity to satisfy the "regularly conducts business" test and subject Villanova to venue in Philadelphia County.

¶ 10 Appellant argues that because the instruction of students and "transmission of knowledge" is essential to Villanova's corporate object, the classes that the Uni-

versity offers in Philadelphia County are of sufficient "quality" to satisfy the regularly conducts business test. (Appellant's Brief at 12). She also contends, summarily, that they satisfy the "quantity" test "because Villanova has offered these courses for many years." (*Id.* at 13). Although one cannot dispute that the instruction of students is Villanova's main purpose, we find that these limited classes and practical experience offered in Philadelphia County, but not at a satellite campus, do not satisfy either the quality or quantity test.

¶ 11 This Court's recent decision in *Goodman, supra,* is instructive. In that case, the plaintiffs filed a medical malpractice suit against Abington Hospital in Philadelphia County. It was undisputed that the alleged malpractice occurred at the Hospital which is located in Montgomery County, the plaintiffs resided in Montgomery County, and the named doctor/defendant's office was in Montgomery County. However, the plaintiffs argued that Abington had sufficient business contacts in Philadelphia County to satisfy the venue test. Among other things, the plaintiffs pointed to the hospital's "limited ownership of two small Philadelphia County physician practices" in support of their claim that the hospital regularly conducted business in the county. *Goodman, supra* at ¶ 10. We held that

> [t]he mere fact that these physicians' offices are located in Philadelphia does not constitute sufficient business contacts to support venue. There is no evidence that the two groups, totaling six to eight physicians, are clinics or branch offices of Appellee Hospital. All treatment for referrals is conducted at the Montgomery County facility, patients of the hospital cannot seek hospital care at the groups' offices, and there is no ambulance service to these offices. Thus, it is apparent that Appellee Hospital's relationship with these small

Philadelphia County practice groups is incidental to its main goal of providing hospital care in Montgomery County.

*Id.*

¶ 12 The same holds true here. There is no evidence that Villanova operates a satellite campus, owns real estate, or even rents classroom space, at the Philadelphia Naval Yard. Indeed, the website printout that Appellant attached to her Answer indicates that the ECE Department offers some graduate courses at several "off-campus" locations. (Plaintiff's Answer to Preliminary Objections of Defendant, Exhibit 1 at 2). The three graduate level courses taught at the Naval Yard are certainly incidental to Villanova's main goal of providing an education to its students at its Delaware County campus. Moreover, even if we credit Appellant's unsupported contention these courses have been offered for "many years," (Appellant's Brief at 13), we would still find that the quantity of these contacts—three graduate level courses—is lacking when viewed in light of the University's entire academic program, which includes several graduate degrees, as well as a law school.

¶ 13 Further, the practical experience undergraduate nursing students may gain at Philadelphia hospitals would most certainly be characterized as in "aid" of the University's main purpose, rather than "necessary" to it. *Krosnowski, supra* at 147 (citing *Purcell, supra* ). We have no doubt that Villanova's nursing program would survive without offering practical experience at Philadelphia-based hospitals. With regard to the University's history course entitled "Tours of Philadelphia," a review of the curriculum reveals that an actual visit to Philadelphia is unnecessary; rather the course requires students to develop a fictional tour of the city based on

the life of a person who lived or frequently visited there.

¶ 14 Finally, Appellant's reliance on volunteer opportunities offered and athletic matches held in Philadelphia are not acts of sufficient "quality" to meet the "regularly conducts business" test. A university's main corporate objective is, necessarily, to educate its students. While charitable work and athletics may be an important part of college life, they are certainly collateral to, and clearly unnecessary to, Villanova's existence.

¶ 15 Therefore, because we find that the trial court properly sustained Villanova's preliminary objection to venue, we affirm.

¶ 16 Order affirmed.