# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Glassic and Noreen Gorka,    :
individually and as h/w,    :
                Appellants    :
   :
        v.    :    No. 1973 C.D. 2015
   :    Submitted: June 3, 2016
Stillwater Lakes Civic Association, Inc., :
Nicholas C. Haros, Esquire, Young and   :
Haros, LLC, and Gregory Malaska,    :
Esquire    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: September 14, 2016**

Michael Glassic and Noreen Gorka, individually and as husband and wife (Appellants), appeal from the order of the Lehigh County Court of Common Pleas (trial court)[1] sustaining the preliminary objection filed by attorneys for Young and Haros, LLC, (Firm), Nicholas C. Haros, Esquire, and Gregory Malaska, Esquire (collectively, Counsel), and Stillwater Lakes Civic Association, Inc. (Association) (collectively, Appellees) as to venue. The trial court determined venue in Lehigh County (Chosen Forum) was improper, and transferred the matter to the Monroe County Court of Common Pleas. Appellants argue venue is proper because the Firm regularly conducts business in the Chosen Forum. Appellants also assert Counsel's contacts in the Chosen Forum meet the quantity and quality test for sufficient contacts. Upon review, we affirm.

---

[1] The Honorable J. Brian Johnson presided.

## I. Background

The Association owns a planned resort community in Monroe County known as Stillwater Lakes Estates (Community).  Appellants, who reside within the Community, operated a website and a message board for Community news at the web addresses www.stillwaterlakes.net and www.stillwaterlakes.com.  On behalf of the Association, Counsel sued Appellants in federal court on a trademark infringement claim involving their use of the Association's web domain.

Thereafter, in June 2014 Appellants filed a complaint against Appellees in the trial court alleging wrongful use of civil proceedings.  This is the lawsuit with which we are concerned.  In their complaint, Appellants represented Counsel and the Firm conducted business in the Chosen Forum.  After various pleadings, Appellees filed a preliminary objection to Appellants' second amended complaint, challenging venue in the Chosen Forum.  In support of their venue objection, Appellees appended an affidavit executed by Nicholas Haros, a principal of the Firm (Affidavit).  See Reproduced Record (R.R.) at 19a. In the Affidavit, Haros attests the Firm does not have offices located in the Chosen Forum, and it does not regularly conduct business there.  Specifically, he states:

> During the past [12] months, [the Firm] has provided over [4,000] hours of service to its clients.  Out of that time, the services provided to clients living [in] or with offices in [the Chosen Forum] consisted of the following:
>
> (a) 0.5 Attorney Hours and 3.6 Paralegal hours spent preparing and recording two deeds *for properties located in Monroe County* for a couple who reside in Coopersburg; and[,]
>
> (b) 1.2 Attorney Hours advising a small nonprofit corporation located in Coopersburg.

2

<u>Id.</u> (emphasis in original).

The parties argued the preliminary objections. After argument, the trial court granted jurisdictional discovery. Appellants conducted depositions of Counsel as to the Firm's business contacts with the Chosen Forum.

Malaska testified he represented Presidential Village Community Association (PVCA), based in the Chosen Forum, by filing 125 deeds and assisting it with terminating the planned community. PVCA was the primary revenue generator from the Chosen Forum. Malaska also represented clients in litigation filed in the Chosen Forum. In particular, after obtaining judgments in Monroe County, the judgments were transferred to the Chosen Forum for execution. He provided legal services for 10 clients from the Chosen Forum in the past 14 years.

Haros testified regarding the Firm's income attributable to clients located in and business contacts with the Chosen Forum. The Firm, founded in 2003, is comprised of three attorneys. As of April 2015, the Firm did not have any clients located in the Chosen Forum, and it had no ongoing matters in the trial court. Haros believes the Firm represented six or seven clients from the Chosen Forum over the past five years. The largest client among them was PVCA. Over the course of that representation, from 2005 to 2013, PVCA may have paid the Firm $25,000, which may have included filing costs for the deeds.

Haros' representation of clients in the Chosen Forum was minimal. In the last 15 years, he did not litigate any cases in the Chosen Forum. On the transactional side, he advised a community association near Trexlertown for

3

approximately three years, ending in April 2013. While at the Firm, Haros met with one client in the Chosen Forum for 3.5 hours.

As to revenue generated from clients located in the Chosen Forum, Haros testified as follows:

| Date | % of Firm Revenue |
|---|---|
| 2009 (1/1/09 to 12/31/09) | 0.89 |
| 2010 (1/1/10 to 12/31/10) | 0.44 |
| 2011 (1/1/11 to 12/31/11) | 0.53 |
| 2012 (1/1/12 to 12/31/12) | 0.04 |
| 2013 (1/1/13 to 12/31/13) | 0.29 |
| 2014 (1/1/14 to 12/31/14) | 0.20 |
| 2015 (1/1/15 to 4/6/15) | 0.12 |

Based on the depositions, which were entered into the record, the trial court sustained Appellees' preliminary objection as to improper venue. Specifically, the trial court reasoned Appellees' contacts with the forum were of an "insufficient 'quantity' to establish jurisdiction." See Tr. Ct. Order, 5/13/15, n.1 (citing Zampana-Barry v. Donaghue, 921 A.2d 500 (Pa. Super. 2007)).

In response to Appellants' concise statement of the errors complained of on appeal, the trial court issued its opinion pursuant to Pa. R.A.P. 1925(a). See Tr. Ct., Slip Op., 7/22/15. The trial court found: "[Counsel and the Firm] rarely, and in recent years[,] have not at all, entered [the Chosen Forum] to perform any

4

part of [the] transactional representation [to 10 clients over the past 14 years]." Id. at 3. It further found, both as to activities performed in the Chosen Forum, and legal services performed on behalf of clients located in the Chosen Forum, "that 17 representations over the course of [14] years, which account for only 0.39% of [the Firm's] income over the last five (5) years, falls short of demonstrating conduct sufficiently regular to be considered habitual." Id. at 4. As a result, the trial court concluded venue did not properly lie in the Chosen Forum.

Appellants appealed the trial court's order to the Superior Court. The Superior Court transferred the matter to this Court pursuant to Pa. R.A.P. 751.

## II. Discussion

Appellants argue the Firm's contacts are of both sufficient quality and quantity to support venue in the Chosen Forum. They also contend the trial court disregarded Malaska's testimony that the Firm continuously provided legal services to clients located in, or by practicing in the Chosen Forum.

This Court reviews the trial court's decision to transfer venue for an abuse of discretion or legal error. Purcell v. Bryn Mawr Hosp., 579 A.2d 1282 (Pa. 1990). A trial court's decision to transfer a case for improper venue will not be disturbed if the decision is reasonable in light of the facts. McMillan v. First Nat'l Bank of Berwick, 978 A.2d 370 (Pa. Super. 2009). If any proper basis exists for the trial court's decision to transfer venue, that decision must stand. Schultz v. MMI Prods., Inc., 30 A.3d 1224 (Pa. Super. 2011).

5

A plaintiff's choice of forum is given great weight. <u>Singley v. Flier</u>, 851 A.2d 200 (Pa. Super. 2004). However, "the presumption in favor of a plaintiff's choice of forum has no application to the question of whether venue is proper in the plaintiff's chosen forum; venue either is or is not proper." <u>Scarlett v. Mason</u>, 89 A.3d 1290, 1292 (Pa. Super. 2014). Under Pa. R.C.P. No. 1006, the party challenging venue bears the burden to show venue is improper. Applying these standards, we consider whether the trial court erred in transferring venue from the Chosen Forum to Monroe County here.

Appellants reside in Monroe County. Their cause of action arises from activities that occurred in Monroe County, and the property involved in the action is located in Monroe County. The Association is located in Monroe County, and its principal place of business is in Monroe County. The Firm is located in Monroe County, and Counsel primarily practices in Monroe County.

Venue as to Counsel, as individuals, is only proper where "(1) the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose … or (2) the property or part of the property which is the subject matter of the action is located …." Pa.R.C.P. No. 1006. Therefore, venue is not proper against Counsel as individuals.

Pursuant to Pa.R.C.P. No. 1006(c)(1), in cases involving joint and several liability of multiple defendants, when venue is proper as to one defendant, it is proper as to all defendants. <u>Bradley v. O'Donoghue</u>, 823 A.2d 1038 (Pa. Cmwlth. 2003). Thus, as long as venue is proper as to the Firm, it is also proper as to Counsel.

Under Pa.R.C.P. No. 2179(a), venue is appropriate as to the Firm only in:

     (1) the county where [the] registered office or principal place of business is located;

     (2) a county where it regularly conducts business;

     (3) the county where the cause of action arose;

     (4) a county where a transaction or occurrence took place out of which the cause of action arose; or

     (5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought ….

Id. (emphasis added).

We analyze whether the Firm "regularly conducts business" based on the quantity and quality of business contacts with the Chosen Forum. Purcell. Our Supreme Court explained:

> Quality of acts means those directly furthering, or essential to, corporate objects; they do not include incidental acts. Quantity means those acts which are so continuous and sufficient to be general or habitual .... [T]he acts of the corporation must be distinguished: those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct.

Id. at 1285 (emphasis added) (quotation omitted). See also Donaghue, 921 A.2d at 503. Both the quality and the quantity of acts must be sufficient to confer proper venue. Purcell.

7

"Regularly conducting business" does not include incidental acts or acts that are not essential to the business. Gale v. Mercy Cath. Med. Ctr. Eastwick, Inc., 698 A.2d 314 (Pa. Super. 1997). For example, marketing and advertising in a chosen forum are insufficient contacts to confer venue. Purcell. Additionally, website activities are not sufficient because such contact with the chosen forum is merely incidental to a business's activities. Kubik v. Rte. 252 Inc., 762 A.2d 1119 (Pa. Super. 2000).

The Firm is engaged in the business of representing clients and providing legal services. Thus, lawsuits filed in the Chosen Forum are direct contacts of sufficient quality to confer venue. Further, performing services for clients located in the Chosen Forum for various legal transactions are also quality contacts. However, the contacts must also meet quantity thresholds. Purcell.

One objective measure of sufficient quantity of contacts is the percentage of revenue comprised by income generated in the chosen forum. Donaghue.

Our Superior Court considered the quantity and quality of a law firm's contacts with the chosen forum in Donaghue. There, the plaintiffs filed a negligent representation suit in Philadelphia County. The law firm objected to venue in Philadelphia County when it was based in Delaware County. However, the trial court overruled the objection, finding the law firm regularly conducted business in the chosen forum. Specifically, the trial court found that generating approximately three to five percent of gross revenue from litigation in Philadelphia was of

8

sufficient quantity to confer venue. Significant here, in so holding, the Superior Court upheld the trial court's determination that venue was proper.

By contrast, here, the cause of action arose in Monroe County. Further, the parties involved in the litigation reside in or have a principal place of business in Monroe County. The trial court found the Firm did not regularly conduct business in the Chosen Forum because its contacts were minimal, and many did not meet the qualitative threshold. Importantly, the trial court found the amount of revenue, at approximately one third of one percent, did not meet the quantitative threshold for sufficient business contacts. Like the Superior Court in Donaghue, we uphold the trial court's determination.

Regarding the quantity of contacts, we agree the Firm's representation of 10 clients over 14 years on a piecemeal basis does not constitute such continuous contact as to be habitual. Based on Haros' testimony, the Firm's revenue stream from clients located in the Chosen Forum was consistently less than 1%, and, for the past five years, generally less than approximately one half of one percent.

Further, venue is determined from a "snapshot [taken] at the time [the litigation] is initiated." Wilson v. Levine, 963 A.2d 479, 485 (Pa. Super. 2008). At the time Appellants filed the underlying litigation, in June 2014, there is no record of *any* contacts between the Firm and the Chosen Forum. The Firm ceased representing its primary client in the Chosen Forum, PVCA, in 2013, when PVCA terminated its existence as a community association. Also in 2014, only 0.20% of the Firm's income was generated by clients in the Chosen Forum.

9

Therefore, we discern no abuse of discretion or legal error in the trial court finding venue in the Chosen Forum improper, and transferring venue to the Monroe County Court of Common Pleas.

### III. Conclusion

For the foregoing reasons, we affirm the trial court's order.

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Glassic and Noreen Gorka, : 
individually and as h/w, : 
                  Appellants : 
                  : 
                  : 
          v. :   No. 1973 C.D. 2015
                  : 
Stillwater Lakes Civic Association, Inc., : 
Nicholas C. Haros, Esquire, Young and : 
Haros, LLC, and Gregory Malaska, : 
Esquire : 

## O R D E R

AND NOW, this 14th day of September, 2016, the order of the Lehigh County Court of Common Pleas is **AFFIRMED**.

 

_____
ROBERT SIMPSON, Judge