J-A28034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN FERGUSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINDA J. STENGLE, ESQUIRE, | : | No. 3623 EDA 2016 |
| INDIVIDUALLY STENGLE LAW, THE | : | |
| ARRAS GROUP, INC., AND ROBERT | : | |
| MADSEN | : | |

Appeal from the Order October 12, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 150302491

BEFORE: GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 19, 2018**

Appellant, John Ferguson, appeals from the October 12, 2016 Order entered in the Court of Common Pleas of Philadelphia County sustaining the Preliminary Objections filed by Appellees, Linda J. Stengle, Esquire ("Stengle"), Stengle Law, The Arras Group, Inc. (collectively, "Stengle Law"), and Robert Madsen ("Madsen"), and transferring this case to Montgomery County. After careful review, we affirm.

This appeal pertains only to the issue of venue. Thus, we summarize the relevant facts, as gleaned from the record and the trial court's Opinion, as follows. Appellant[1] retained Stengle, while she worked first as an

---

[1] Appellant is a California resident living in Yuba City, California.

attorney at Kenney & McCaffery ("the Firm"),[2] and later at her own firm, Stengle Law,[3] to represent him in a whistleblower lawsuit against Fifth Third Bankcorp. Stengle filed this suit in the U.S. District Court for the Southern District of New York.

According to Appellant, while Stengle worked at the Firm, Appellant "brokered a relationship" between Stengle and Madsen,[4] which resulted in Stengle representing Madsen in a separate whistleblower suit against Bank of America, also filed in the U.S. District Court for the Southern District of New York. Appellant also alleged that Stengle informed him that, as a broker for the relationship between Stengle and Madsen, Appellant was part of the "client team." Appellant, thus, believed that he was entitled to part of Madsen's $56 million share of the Bank of America settlement with whistleblowers.

When Stengle refused to meet Appellant's demand, Appellant filed a Writ of Summons against Appellees and the Firm in the Philadelphia County Court of Common Pleas. Prior to filing a Complaint, however, Appellant settled his claims against the Firm and removed the Firm from the case caption.

_____

[2] Kenney & McCaffery is a firm located in Blue Bell, Montgomery County. The firm also maintains an office in Philadelphia.

[3] Stengle Law is located in Boyertown, Berks County.

[4] Appellee Madsen is a California resident living in Grass Valley, California.

On February 8, 2016, Appellant filed a nine-count Complaint against Appellees, which the trial court characterized as raising legal malpractice claims. *See* Trial Ct. Op., 3/21/17, at 1. Essentially, in his Complaint, Appellant alleged that he is entitled to a portion of Madsen's $56 million dollar recovery obtained in an underlying *qui tam* whistleblower lawsuit brought by Madsen against Bank of America.[5] Appellant alleged that Stengle and Stengle Law represented him, and that they conspired with Madsen to cut Appellant out of his portion of the $56 million recovery. Appellant further alleged that Madsen's attorneys received an estimated $19 million dollars in legal fees as a result of this misconduct.

On March 30, 2016, Appellees filed separate Preliminary Objections on the basis of venue.[6] Appellant filed Answers on April 19, 2016. Following a hearing, on October 12, 2016, the trial court sustained the Preliminary

_____

[5] At the time Appellee Madsen filed the *qui tam* suit, Appellee Stengle worked in the Firm's office in Blue Bell, Pennsylvania. Appellee Stengle subsequently formed her own practice in Boyertown, Berks County, Stengle Law, where she continued to work for the Firm on this *qui tam* matter pursuant to an agreement between her and the Firm.

[6] Appellees also separately raised a Preliminary Objection in the nature of a demurrer pursuant to Pa.R.C.P. No. 1028(a)(4), alleging that Appellant had failed to state a claim upon which he could be granted relief. The demurrer portion of the Preliminary Objections is unresolved.

Objections and ordered the case transferred to the Montgomery County Court of Common Pleas. This timely appeal followed.[7]

Appellant raises the following issue on appeal:

Did the trial court erroneously conclude that venue was improper in Philadelphia County, when [Appellant's] claims arose out of a contract for legal services that explicitly identifies Philadelphia as the venue for adjudicating any disputes, which [Appellant] entered into with [the Firm] that maintained an office in Philadelphia, represented clients in Philadelphia, performed legal work on matters filed in Philadelphia, held out the [Firm's] [s]enior [p]artner who executed the contract as a "Philadelphia-based" attorney, and where [Appellees'] interests arose solely out of the contract.

Appellant's Brief at 2-3.

Our scope and standard of review of a trial court's grant of preliminary objections as to venue is as follows: "It is well established that a trial court's decision to transfer venue will not be disturbed absent an abuse of discretion." *Fritz v. Glen Mills Schools*, 840 A.2d 1021, 1023 (Pa. Super. 2003) (citation omitted). "[A] plaintiff must be allowed the right to choose any appropriate forum: 'The applicant bears the burden of proving that a change of venue is necessary, while a plaintiff generally is given the choice of forum so long as the requirements of personal and subject matter jurisdiction are satisfied.'" *O'Donnell v. McDonough*, 895 A.2d 45, 47 (Pa.

---

[7] The court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement. Appellant did not, however include an averment so indicating as required by Pa.R.A.P. 2111(a)(11) and Pa.R.A.P. 2111(d).

Super. 2006) (quoting ***Purcell v. Bryn Mawr Hospital***, 579 A.2d 1282, 1284 (Pa. 1990)). "Because the plaintiff's choice of forum is given great weight, the moving party has the burden of proving that the original forum is improper." ***Singley v. Flier***, 851 A.2d 200, 201 (Pa. Super. 2004). "However, a plaintiff's choice of venue is not absolute or unassailable." ***Fritz***, 840 A.2d at 1023 (citation omitted). Indeed, the trial court has substantial discretion in determining whether or not to grant a change of venue. ***See Singley***, 851 A.2d at 201. Accordingly, "[i]f there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." ***Id.***

Although Appellant only raises one question on appeal, the argument section of his Brief contains two sub-issues. In the first sub-issue, Appellant claims that venue is proper in Philadelphia County because Appellant and the Firm had an agreement to litigate disputes in Philadelphia County, which the Firm allegedly had assigned to Stengle. Appellant's Brief at 9-10. In his second sub-issue, Appellant claims that, in sustaining Appellees' Preliminary Objections, the trial court erroneously applied our rules of civil procedure pertaining to venue to Stengle and Stengle Law.[8] ***Id.*** at 12. ***See*** Pa.R.C.P. Nos. 1006(a)(1) and 2179(a)(2).

---

[8] Although Appellant filed an Answer in Opposition to Madsen's Preliminary Objections, he does not present any separate argument that trial court erred in concluding that Philadelphia County is not the proper venue for his claims against Madsen.

- 5 -

The crux of Appellant's first sub-issue is that Philadelphia County is the proper venue for this matter because "this legal malpractice action arises out of a contract for legal services [(the "Retainer Agreement")]" that explicitly identifies Philadelphia as the venue for adjudicating disputes between Appellant and the Firm. Appellant's Brief at 9.

In support of this claim, Appellant cites the terms of Paragraph U of the December 30, 2010 Retainer Agreement between Appellant and the Firm, which states:

> U. If a claim arises as a result of an alleged dispute, and the dispute involves Counsel, Clients agree that any such claim or dispute between Clients and Counsel will be submitted to **binding arbitration conducted by the Philadelphia County Bar Association**, and Clients agree to be bound by any and all decisions rendered.

Retainer Agreement, 12/30/10, at ¶ U (emphasis added).

Additionally, implicitly acknowledging the significance of the fact that the Firm is not a party to this matter, Appellant further claims—for the first time on appeal—that the Firm effectively assigned its interests in the Retainer Agreement with him to Stengle. Appellant's Brief at 6-7, 10-11. Therefore, Appellant implies that the Philadelphia County venue clause continued to remain in effect, and bound Stengle to litigation in Philadelphia, even after Appellant had settled his claims with the Firm. Appellant is not entitled to relief.

Appellant's claim that the Retainer Agreement is applicable on its face as determinative of the proper venue fails. Simply, because the Firm is not

a party to this action, the venue provision in the Retainer Agreement does not apply to the instant case. We also observe, that even if the venue provision did apply, its application may likely preclude the Philadelphia County Court of Common Pleas from hearing this case: Paragraph U requires the submission of disputes to an arbitration panel of the county bar association. *See* Pa.R.C.P. No. 1028(a)(6) (establishing the existence of an agreement for alternative dispute resolution as grounds for Preliminary Objections).

With respect to Appellant's novel argument that the Firm effectively assigned its interest in the Retainer Agreement to Stengle, our review indicates this theory is unsupported by the evidence of record. Moreover, and most importantly, Appellant has raised this issue for the first time on appeal. The issue is, thus, waived. *See* Pa.R.A.P 302(a); ***Krentz v. CONRAIL***, 910 A.2d 20, 37 (Pa. 2006) (holding that arguments not raised before the trial court cannot be raised for the first time on appeal).

In his second sub-issue, Appellant claims that the trial court erred in failing to consider Pa.R.C.P. No. 1006(a)(1) and Pa.R.C.P. No. 2179(a)(4), instead analyzing the propriety of venue in Philadelphia County under Pa.R.C.P. 2179(a)(2) as to all Appellees. Appellant's Brief at 12. Appellant baldly asserts that because the Retainer Agreement between him and the Firm included a venue provision, it is "determinative for purposes of venue analysis under [Pa.R.C.P. No. 1006(a)(1) and Pa.R.C.P. No. 2179(a)(4)."

*Id.* Appellant has not developed this argument, nor has he cited any case law in support of this claim.

It is long-settled that failure to argue and to cite any authority supporting the argument constitutes a waiver of the issue on appeal. ***See Jones v. Jones***, 878 A.2d 86, 90 (Pa. Super. 2005). This Court will not act as counsel and will not develop arguments on behalf of an appellant. ***See Bombar v. West American Insurance Company***, 932 A.2d 78, 95 (Pa. Super. 2007). When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we can dismiss the appeal entirely or find certain issues to be waived. ***See*** Pa.R.A.P. 2101. Because Appellant has failed to develop this issue, he waived it. ***See id.***; ***see also Bombar***, ***supra*** at 95; ***Jones***, ***supra*** at 90.

Even if Appellant had not waived this issue, it would not merit relief. The trial court properly analyzed the venue issue and concluded that the parties lacked sufficient contact with Philadelphia County to establish jurisdiction there. ***See*** Trial Ct. Op., at 3-7.

Order affirmed. Jurisdiction relinquished.

President Judge Gantman concurs in result.

Judge Panella files a dissenting statement.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 1/19/2018*