Vance A. FRITZ, Jr., Appellant,

v.

**GLEN MILLS SCHOOLS and Concord Pizza, Inc. and Albert Delvescovo and Frank Delvescovo, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 11, 2003.

Filed Dec. 31, 2003.

Steven M. Mezeow, Philadelphia, for appellant.

Daniel Gage, Philadelphia, for appellee.

Before: GRACI, OLSZEWSKI, and CAVANAUGH, JJ.

OPINION BY CAVANAUGH, J.:

¶ 1 This is an appeal from a December 10, 2002 order transferring venue from Philadelphia County to Delaware County.[1]

---

1. "An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles." Pa.R.A.P. 311(c).

The order at issue simultaneously granted reconsideration of a former order dismissing appellant's complaint, vacated that order, and transferred the case from Philadelphia County to Delaware County. We now affirm.

¶ 2 Plaintiff–Appellant was injured in June 2000, when he was operating his vehicle in Delaware County, driving eastbound on Glen Mills Road in Glen Mills, Pennsylvania. Appellant alleges that while he was working within the scope of his employment for codefendant Concord Pizza, his vehicle left the paved portion of the road, rolled into a hazardous ditch and struck a tree on the property of Glen Mills School. Appellant filed a complaint in the Philadelphia County Court of Common Pleas on August, 12, 2002, against Glen Mills School, Concord Pizza,[2] Albert Delvescovo and Frank Delvescovo.[3] On September 10, 2002, appellee Glen Mills School filed preliminary objections to appellant's complaint, raising lack of jurisdiction (for improper venue), legal insufficiency of claims, insufficient specificity in pleadings, and nonjoinder of a necessary party.[4] Glen Mills specifically requested that it be dismissed from the action based upon its preliminary objections. Upon consideration of the objections and responses thereto, the trial court sustained Glen Mills' preliminary objections and entered an order on December 10, 2002, which

dismissed the complaint.[5] On December 20, 2002, appellant filed a motion for reconsideration. On January 14, 2003, the trial court entered an order which simultaneously granted reconsideration, vacated the December 10, 2002 order and transferred the case to Delaware County. This appeal followed.

■ ¶ 3 Appellant presents the following questions for our review:

I. DID THE TRIAL COURT ABUSE ITS DISCRETION IN ORDERING A TRANSFER OF VENUE PURSUANT TO Pa.R.C.P. 2179(a)(2), WHERE EVIDENCE WAS PRESENTED THAT DEFENDANT REGULARLY CONDUCTS BUSINESS IN PHILADELPHIA COUNTY WHICH BUSINESS IS ESSENTIAL AND/OR IN DIRECT FURTHERANCE OF ITS CORPORATE OBJECTIVES?

II. DID THE TRIAL COURT ABUSE ITS DISCRETION BY NOT GRANTING THE PARTIES LEAVE TO TAKE DEPOSITIONS SOLELY ON THE ISSUE OF VENUE PURSUANT TO Pa. R.C.P. 1028(c)(2), AS ISSUES OF FACT WHERE [SIC] RAISED?

Appellant's Brief at 4. Our scope and standard of review were recently set forth by this court as follows:

**2.** Appellee Concord Pizza, Inc. advised this court that it would not file a brief and that its argument is incorporated in the argument by Glen Mills.

**3.** Albert Delvescovo and Frank Delvescovo were apparently not served with legal process and are therefore not presently parties to this action. Appellee's Brief at 4, n. 1.

**4.** While both the appellant's brief and the appellee's brief state that Preliminary Objections were filed by appellee on October 10, 2002, the record reflects that appellee actual-

ly filed Preliminary Objections on September 10, 2002.

**5.** We interpret the December 10, 2002 order to have dismissed appellant's claim against Glen Mills, but not to have disposed of his claim against codefendant, Concord Pizza. An order is final if it disposes of all claims and of all parties. Pa.R.A.P. 341(b)(1). We conclude that the December 10, 2002 order was therefore not a final order for purposes of appeal. The lower court, therefore, retained jurisdiction when it later entered the January 14, 2002, order granting reconsideration.

It is well established that a trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. A Plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, if there exists *any proper basis* for the trial court's decision to grant a petition to transfer venue, the decision must stand.

*Jackson v. Laidlaw Transit, Inc. & Laidlaw Transit PA, Inc.*, 822 A.2d 56, 57 (Pa.Super.2003) (citations, quotation, and quotation marks omitted) (emphasis added). The following Pennsylvania rule of civil procedure governs the determination of proper venue for a corporation:

> Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in
>
> (1) the county where its registered office or principal place of business is located;
>
> (2) a county where it regularly conducts business;
>
> (3) the county where the cause of action arose; or
>
> (4) a county where the transaction or occurrence took place out of which the cause of action arose.

Pa.R.C.P. 2179(a). It is well established law in Pennsylvania that the court applies the "quality" and "quantity" test to determine if business contacts are sufficient to constitute regularly conducting business for purposes of establishing venue. *See Purcell v. Bryn Mawr Hospital*, 525 Pa. 237, 579 A.2d 1282 (1990). In *Purcell*, our Supreme Court stated:

> Quality of acts means those directly, furthering or essential to, corporate ob-

jects; they do not include incidental acts. Quantity means those acts which are so continuous and sufficient to be general or habitual... [T]he acts of the corporation must be distinguished: those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct.

*Id.* at 1285 (citations, quotations and quotation marks omitted).

¶ 4 It is important to emphasize that the issue raised here is not one of *forum non conveniens*. The sole issue rests on whether venue was properly transferred to Delaware County when Glen Mills challenged venue in Philadelphia County under Pa.R.C.P. 2179. We therefore decline discussion of why either county may be a more convenient forum for litigation.

¶ 5 Appellant argues the following facts to show that Glen Mills regularly conducts business in Philadelphia, such that venue was properly laid there: Glen Mills receives approximately 35% of its students from Philadelphia; Glen Mills is in contract for serving those Philadelphia students; and Glen Mills used the Philadelphia Court System to enforce its contract when not paid for rehabilitation services provided to Philadelphia County juveniles. Appellant argues that these activities by appellee are crucial to fulfilling Glen Mills' corporate objective of rehabilitating juveniles and constitute conducting regular business in Philadelphia County. We disagree.

¶ 6 We agree with the trial court that the quality of Glen Mills' activities in, and related to Philadelphia County are not sufficient to make Philadelphia the proper venue for this case. The fact that approximately 35% of its students are from Philadelphia and that it may independently utilize the Philadelphia Court System are in aid of its main purpose to rehabilitate juve-

niles. As such, they are incidental and not essential to the existence of Glen Mills School. Contrary to appellant's argument, we see no indication that the school would cease to exist if the Philadelphia students were to cease attending.

¶ 7 In *Purcell,* our Supreme Court found that venue was not proper in Philadelphia in a suit against Bryn Mawr Hospital despite the following activities of the hospital that were related to Philadelphia: it received income from Philadelphia patients who opted for treatment there; it contracted with residency programs of teaching hospitals in Philadelphia; it recruited and employed medical residents from Philadelphia hospitals; it purchased goods and services from Philadelphia businesses; and it paid for advertisements in Philadelphia phone books and in the Philadelphia Inquirer. The Supreme Court emphasized that despite this list of activities, the hospital's corporate object was to care for patients who were diagnosed and treated solely at the Bryn Mawr Hospital in Montgomery County. The Court suggested that venue would have been properly laid in Philadelphia, had that hospital operated a branch clinic in Philadelphia where paying customers would be diagnosed or treated on such premises. *Id.* at 1287. Such activity would rise to the level of being in direct furtherance of, or essential to, the hospital's corporate objects. We similarly suggest that if Glen Mills were to operate a branch campus in Philadelphia County at which juveniles lived and were educated and rehabilitated, venue might then be properly laid in Philadelphia for an action such as this. Glen Mills, however, conducts all of these activities in furtherance of its corporate objects on its campus in Delaware County. We therefore agree that its activities in Philadelphia are merely incidental and not necessary to the existence of the school. We agree that transfer of venue was consistent with Pa.R.C.P.

2179 and find no abuse of discretion by the trial court in transferring venue to Delaware County.

■ ¶ 8 Appellant secondly contends that there was an abuse of discretion by the trial court because "Plaintiff has raised...issues of fact concerning whether or not Glen Mills regularly conducts business in Philadelphia County" and the court did not permit the "parties to engage in discovery and create an evidentiary record prior to the court deciding controverted facts." Appellants Brief at 15. To determine whether venue is indeed improper, the court relies on facts raised "by depositions or otherwise." Pa.R.C.P. 1028(c)(2). In this case, the court assumed that appellant's factual allegations were true, but nonetheless found venue improper in Philadelphia. *See Kubik v. Route 252, Inc.,* 762 A.2d 1119 (Pa.Super.2000). While the trial court's factual findings were made without the benefit of sworn depositions or an evidentiary hearing, our review of the parties' pleadings indicates that there were no disputed facts raised by appellant for purposes of establishing venue in Philadelphia, the determination of which would have been dispositive to the question of venue. It was well within the trial court's discretion to determine the lack of need for further discovery on the question of venue. Because we find no abuse of discretion by the trial court, we affirm the order vacating the previous dismissal order and transferring venue to Delaware County.

¶ 9 Order affirmed.