**James McMILLAN, Appellant**

v.

**FIRST NATIONAL BANK OF BERWICK, Appellee.**

Superior Court of Pennsylvania.

Argued June 10, 2009.
Filed July 9, 2009.

---

Angelo L. Cameron, Philadelphia, for appellant.

Kevin J. Ruane, Blue Bell, for appellee.

BEFORE: STEVENS, KLEIN and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 This is an appeal from an order sustaining the preliminary objections of Appellee bank and transferring venue from Philadelphia to Columbia County in an action brought in Philadelphia County involving claims of false arrest, false imprisonment, and malicious prosecution, where the torts alleged occurred in Columbia County. We affirm.

¶ 2 In July of 2003, Appellant, a contractor, was paid by check for renovation work performed in Philadelphia, and deposited the checks into his account with Appellee, a Columbia County entity, using an ATM machine in Philadelphia. The machine was not owned by Appellee, but by Star Network, a nationwide system of which Appellee is a member.

¶ 3 When the checks were dishonored after Appellant had withdrawn money from the account, he entered into a repayment plan with Appellee. In 2005, he missed a payment, and was prosecuted in Columbia County for passing bad checks. In May of 2006, he was acquitted after a jury trial, and in April of 2008, commenced the instant action in Philadelphia County alleging false arrest, false imprisonment, and malicious prosecution. Appellee preliminarily objected on grounds of improper venue, and after a hearing, the trial court agreed, entering the order underlying this appeal.

In reviewing a trial court's ruling transferring venue, we will not disturb the ruling if the decision is reasonable in light of the facts. An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, bias, or ill will. However, if there exists any proper basis for the trial court's decision to . . . transfer venue, the decision must stand.

*Harris v. Brill*, 844 A.2d 567, 570 (Pa.Super.2004) (citations and internal quotation marks omitted).

¶ 4 Pa.R.C.P. 2179 governing venue provides in pertinent part as follows:

(a) Except as otherwise provided . . ., a personal action against a corporation or similar entity may be brought in and only in

    (1) the country where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose[.]

Pa.R.C.P. 2179(a)(1)-(4).

¶ 5 Appellant challenges as erroneous the trial court's finding that venue was improper in Philadelphia County because: (1) the transaction or occurrence out of which the cause of action, that is, Appellant's prosecution and acquittal, occurred in Columbia County; and (2) Appellee does not regularly conduct business in Philadelphia County. He argues that by virtue of its membership in the Star Network, Appellee furthers its corporate goal of offering "full banking services" to its customers outside of Columbia County, (Appellant's Brief at 9), and thus conducts business elsewhere through the ATMs. He insists that his having deposited the dishonored checks through the Star system constitutes the occurrence out of which his cause of action arose. We find neither claim persuasive.

¶ 6 To address Appellant's contentions in reverse order, we find that the correct resolution of Appellant's "action origination" argument is governed by this Court's decision in *Kring v. Univ. of Pittsburgh,* 829 A.2d 673 (Pa.Super.2003), *appeal denied,* 577 Pa. 689, 844 A.2d 553 (2004). In that case we determined that because all the facts that satisfied the elements of the litigant's cause of action for wrongful use of civil proceedings arose in Allegheny County and the action was brought and tried against the litigant there, Allegheny County was the only proper venue. Despite Appellant's assertions to the con-

trary, the prosecution which gave rise to his cause of action arose in Columbia County, and his trial and acquittal occurred there. We noted that

the factual underpinnings that satisfy the elements of an action for wrongful use of civil proceedings are Appellees' acts of initiating and continuing the federal lawsuit against Appellant in Allegheny County in an alleged grossly negligent manner and primarily for a purpose other than the proper adjudication of the claim against him. Importantly, however, Appellant would have no cause of action for wrongful use of civil proceedings if the federal lawsuit had not terminated in his favor.

*Id.* at 678. The analogue to the instant matter is obvious.

¶ 7 Appellant was arrested, imprisoned, and prosecuted in Columbia County for writing checks on an account held in Appellee's bank in Columbia County. Appellant's Complaint alleges that "[Appellees'] purpose in initiating the arrest of [Appellant] and the criminal proceedings against him were [sic] malicious, were without probable cause, and such actions were done for purposes other than securing justice." (First Amended Complaint at ¶ 29). Had Appellant been found guilty of the bad check charges, he would have had no cause of action for false arrest,[1] false imprisonment, and malicious prosecution. Accordingly, on this basis Columbia County provided the proper forum for his claims.

¶ 8 As to the matter of whether Appellee regularly conducts business in Philadelphia County, this Court has held that

[i]n determining whether a corporation regularly conducts business in a particular county, we must focus on the

---

1. "Probable cause [for arrest] does not depend on the ultimate determination of guilt or innocence." *Wagner v. Waitlevertch,* 774 A.2d 1247, 1253 (Pa.Super.2001).

nature of the acts the corporation allegedly performs in that county, which must be assessed both as to their quantity and quality. Acts satisfying the quality test are those directly [ ] furthering or essential to [ ] corporate objects; they do not include incidental acts. Acts of sufficient quantity are those so continuous and sufficient to be general or habitual.

*Gale v. Mercy Catholic Med. Ctr.*, 698 A.2d 647, 651–52 (Pa.Super.1997), *appeal denied*, 552 Pa. 696, 716 A.2d 1249 (1998) (citation and internal quotation marks omitted). Moreover, "each case rests on its own facts." *Purcell v. Bryn Mawr Hosp.*, 525 Pa. 237, 579 A.2d 1282, 1286 (1990).

¶ 9 Appellee notes that its registered location and principal place of business are in Columbia County where its corporate purpose is to provide banking services to local citizens. It denies ever having owned real estate, maintained branch offices, kept assets, solicited customers, or directed advertising in Philadelphia County where its contacts are incidental and sporadic. (Preliminary Objections at 2–6). Here, although Appellant bases his allegation on the existence of multiple Star Network ATM machines in Philadelphia, he supplies no information as to usage, nor does he refer us to any authority for the proposition that such machines constitute the equivalent of, e.g., branches of a bank.

¶ 10 This Court has held in *Kubik v. Route 252, Inc.*, 762 A.2d 1119 (Pa.Super.2000), that "[t]o determine whether venue is indeed improper [as alleged in a preliminary objection], the court relies on facts raised by deposition or otherwise." *Id.* at 1123. Here, the court examined Appellee's objections, the attached affidavit of its officer, and conducted a hearing. We find the material proffered in support of Appellee's claim adequate to justify the court's decision.

¶ 11 Order affirmed.