Motz v. Brian P. McVan, LLC

*Keith W. Kofsky,* for plaintiff.

*Theodore M. Schaer* and *Noah S. Shapiro,* for defendant.

TERESHKO, *J.,* December 1, 2010—

## PROCEDURAL HISTORY

Plaintiff Lena Motz appeals from the order dated August 17, 2010, wherein this court granted defendants' motion to transfer venue to Montgomery County Pennsylvania.

## FACTUAL BACKGROUND

The case at hand arises out of the alleged legal malpractice of Attorney Brian McVan d/b/a Brian P. McVan, LLC in connection with his representation of plaintiff in an action for damages arising out of a slip and fall accident. Prior to commencing the action that is the subject of this appeal, it was alleged that on September 3, 2006 Lena Motz fell on a raised portion of concrete sidewalk in Brigantine, New Jersey, sustaining serious

injuries. (Complaint ¶6) On or about September 12, 2006, Joe Motz contacted Attorney McVan about pursuing a personal injury claim on his mother's behalf. (Complaint ¶10) Attorney McVan forwarded plaintiff a contingency fee agreement and authorization for health information disclosure, which she promptly executed. (Complaint ¶14)

New Jersey law provides that a private property owner is immune from suit when the basis of liability is a sidewalk defect. (Complaint ¶ 40) The only potential defendants to plaintiff's falldown claim were the City of Brigantine and the City of Brigantine Shade Tree Commission because the property at issue was privately-owned. (Complaint ¶ 20) As public entities, the City of Brigantine and the City of Brigantine Shade Tree Commission were entitled to notification of the claim within 90 days of the loss. N.J.S.A. 59:8-8. Non-compliance with the 90-day period may be permitted if an application for late claim is presented within one year of the loss and exceptional circumstances are demonstrated. N.J.S.A. 59:8-9. Attorney McVan allegedly failed to notify the City of Brigantine and the City of Brigantine Shade Tree Commission within the original 90-day time period and failed to file an application for late claim. (Complaint ¶30)

A motion for summary judgment for failure to comply with N.J.S.A. 59:8-8 was granted on January 23, 2009, resulting in the dismissal of all claims against the City of Brigantine and the City of Brigantine Shade Tree Commission. (Complaint ¶ 36)

Plaintiff thereafter commenced this action against defendants, Brian P. McVan, LLC and Brian P. McVan,

Esquire by filing her complaint on May 21, 2010, seeking damages for injuries, pain and suffering, and loss of earnings stemming from attorney McVan's mishandling of her September 3, 2006 falldown claim. (See Docket, Complaint ¶¶44-48) Motz alleges specific injuries including fractures to the left radial and ulnar shafts and right olecranon fracture. (Complaint ¶44) In addition to physical pain and suffering, Motz also alleges suffering mental anguish and humiliation. (Complaint ¶49)

Plaintiff alleges her claims were dismissed due to attorney McVan's non-compliance with New Jersey law, although attorney McVan allegedly led her to believe that the state of the law was unfavorable. (Complaint ¶38) Plaintiff further asserts that had she been able to pursue her claims against the City of Brigantine and the City of Brigantine Shade Tree Commission, she would have been able to recover damages for the injuries she sustained in the September 3 falldown. (Complaint ¶41)

Motz is a resident of Maple Glen, Montgomery County, Pennsylvania. (Complaint ¶ 1) Attorney McVan is also a resident of Montgomery County. (Complaint ¶ 3) Brian P. McVan, LLC has its office for services in Glenside, Montgomery County. (Complaint ¶2) Service of attorney McVan was made at his office in Montgomery County. (defendant's amended preliminary objections ¶ 10) The underlying action that is the basis of the instant lawsuit arose in New Jersey, and plaintiff's personal injury complaint was filed in New Jersey. (Complaint ¶ 31)

Defendants Brian P. McVan, LLC and Brian P. McVan, Esquire (hereinafter "defendants") filed preliminary objections to venue on July 6, 2010. (See docket)

Defendants subsequently filed amended preliminary objections on July 19, 2010. *Id.* The amended preliminary objections argued that venue in Philadelphia was improper because all parties to the lawsuit are residents of Montgomery County, and the accident out of which the instant cause of action arose occurred in New Jersey. (defendant's amended preliminary objections ¶ 10) Plaintiff filed her response to preliminary objections on August 9, 2010. (See docket) This court issued an order granting preliminary objections on the basis of venue and transferring the action to Montgomery County on August 18, 2010. *Id.*

Plaintiff appealed the court's order granting defendants' preliminary objections on the basis of venue to the Superior Court on August 20, 2010. (See docket) On September 14, 2010, this court issued its notice for plaintiff to file her statement of errors pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). *Id.* Plaintiff filed her 1925(b) statement of errors on October 1, 2010. *Id.*

The sole issue to be addressed on appeal is whether the trial court abused its discretion when it sustained defendants' preliminary objections to Venue and transferred this case to Montgomery County. (Statement of errors pg. 3)

## LEGAL ANALYSIS

Pennsylvania law vests the trial court with considerable discretion in making determinations whether or not to grant a petition to transfer venue. *Purcell v. Bryn Mawr Hospital*, 525 Pa. 237, 242, 579 A.2d 1282, 1284 (1990). The standard of review in such cases is abuse of discretion. *Id.* Provided that the trial court's decision to

transfer venue is a reasonable one in light of the record it will not be overturned. *Monaco v. Montgomery Cab Co.*, 208 A.2d 252, 256 (Pa. 1965). It is not enough for an appellant to persuade an appellate court that it might have come to a different result. *McCrory v. Abraham* 657 A.2d 499, 501 (Pa. Super. 1995). The burden rests on the appellant to show that the trial court misapplied or overrode the law or the decision was manifestly unreasonable, or resulted from partiality, prejudice, bias or ill will. *Id.* "If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Masel v. Glassman*, 689 A.2d 314, 316 (Pa. Super. 1997).

Pennsylvania Rule of Civil Procedure 1006 governs where venue may be laid against an individual. Pa. R.C.P. 1006(c)(1) states where a claim for joint and several liability is pled as in this case, venue is proper in any county where venue may be laid against any of the defendants.

Motz does not contest that venue in Philadelphia is improper for Brian McVan, individually. (Statement of errors pg. 4) No evidence has been produced to show any other county would be proper to serve Mr. McVan besides Montgomery County, where he lives.

However, because this case also involves Mr. McVan's law firm, plaintiff contends that venue in Philadelphia is proper as to McVan, LLC because the law firm regularly conducts business in the county. In cases such as this one, where one defendant is a corporation or similar entity,[1] Pa.

---

1. Pursuant to Pa.R.C.P. 2176, "corporation or similar entity" includes limited liability companies.

R.C.P. 1006(c) dictates that Pa. R.C.P. 2179 is applicable. Rule 2179 states in relevant part:

[A] personal action against a corporation or similar entity may be brought in and only in:

(1) the county where its registered office or principal place of business is located;

(2) a county where it *regularly* conducts business;

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose, or

(5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property. Pa. R.C.P. 2179(a) (2008)(emphasis added).

The office of Brian P. McVan, LLC is located in Montgomery County. (Complaint ¶ 2) Plaintiff hired defendants to pursue claims arising out of a slip and fall accident that occurred in New Jersey. (Complaint ¶31) The alleged malpractice in connection with the slip and fall occurred in Montgomery County where legal services were performed. Defendants do not have a registered office or a principal place of business in Philadelphia.

Thus, the focus of this analysis is whether Brian P. McVan, LLC regularly conducts business in Philadelphia County pursuant to Pa.R.C.P. 2179 (a)(2). Although plaintiff contends that Brian P. McVan, LLC does regularly conduct business in Philadelphia County, she does not

provide sufficient evidence to meet her burden.

"In determining whether venue in an action against a corporation is proper on the ground that the corporate defendant regularly conducts business in the county in which it is sued, we must focus on the nature of the acts the corporate defendant allegedly performs in that county." *Battuello v. Camelback Ski Corp.*, 598 A.2d 1027, 1029 (Pa.Super. 1991). More specifically, whether a company "regularly conducts business" in a particular county must be assessed both as to the "quality" and "quantity" of business contacts the company has with that county. *Id.* In *Purcell v. Bryn Mawr Hospital*, 579 A.2d 1282 (Pa. 1990), the Pennsylvania Supreme court elaborated upon the standard:

> "A single act is not enough," while "each case must depend on its own facts." "Quality of act" means "those directly, furthering or essential to, corporate objects; they do not include incidental acts." Quantity means those acts which are "so continuous and sufficient to be general or habitual." In combined form...the acts of the corporation must be distinguished: those in "aid of a main purpose" are collateral and incidental, while "those necessary to its existence" are "direct." *Id.* at 1285 (citations omitted)(quoting *Shambe v. Delaware and Hudson R.R. Co.*, 135 A. 755(Pa. 1927)).

*Fritz v. Glen Mills Schools* deals with insufficient quantity and quality of acts to establish venue in Philadelphia. 840 A.2d 1021 (Pa. Super. 2003). That case involved a school located in Delaware County that helps rehabilitate juveniles. *Id.* at 1023. The school had 35% of its students coming from Philadelphia County and

the school was in a contract to serve those Philadelphia students. *Id.* The school had to utilize the Philadelphia court system occasionally to enforce those contracts if breached. *Id.* The Pennsylvania Superior court ruled that such contacts were not enough to confer venue in Philadelphia County as the contacts were incidental and not essential to the existence of the school. *Id.* at 1024. The court held that Glen Mills would go on without the Philadelphia students attending the school. *Id.*

Likewise, Brian P. McVan, LLC is a suburban-based law firm serving mostly suburban clients. The firm may use the Philadelphia court system to litigate clients' claims from time to time, but there is no assertion that these cases are essential to the existence of Brian P. McVan, LLC. Defendant has not asserted that Philadelphia clients or cases are any more than incidental to the firm's existence.

Plaintiff cannot establish that Brian P. McVan, LLC "regularly conducts business" in Philadelphia County pursuant to Pa.R.C.P. 2179(a)(2). Aside from plaintiff's inclusion of a docket sheet in her response to preliminary objections, which depicts a summary of actions commenced by Brian P. McVan LLC in Philadelphia County, no further evidence was pled to substantiate that defendant regularly conducts business in Philadelphia County. (Plaintiff's response to defendants' preliminary objections)

In reviewing the summary of actions by Brian McVan, LLC, the docket sheet shows that in a fourteen (14) year period of time, Brian McVan, LLC only filed nineteen (19) actions in Philadelphia County. This amounts to slightly more than one legal action per year, which does not satisfy the quantity analysis as set forth in *Purcell*, supra.

Specifically, plaintiff does not set forth what percentage of the firm's total business the Philadelphia actions comprised to prove that it is continuous and sufficient to be general or habitual. Plaintiff also does not show that the contacts were of a sufficient quality that was directly necessary to the law firm's existence.

Based on the aforementioned analysis, this court believes that plaintiff has not met her burden of proving that Brian P. McVan, LLC regularly conducts business in Philadelphia.

## CONCLUSION

For the foregoing reasons, this court respectfully requests that the August 20, 2010 order granting defendant's preliminary objections and transferring the case to Montgomery County Court of Common Pleas be affirmed.