J-A19025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JASMINE JACKSON, AS ADMINISTRATRIX OF THE ESTATE OF MARGARET MCCLERNAN, DECEASED, | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| COPS MONITORING; NOVINO TECHNOLOGIES, INC.; NTI SECURITY; MARGARET TOAL; BERNARD TOAL; J. MICHAEL GAMBER; TWC LLC MANAGEMENT; TDW FINANCIAL, LLC; KEYSTONE APARTMENTS JOINT VENTURE; KEYSTONE APARTMENTS | : : : : : : : : : : : | No. 1944 EDA 2016 |
| APPEAL OF: JASMINE JACKSON | : | |

Appeal from the Order May 23, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): February Term, 2015 No. 03319

BEFORE: BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 08, 2017**

Appellant, Jasmine Jackson, appeals from the May 23, 2016 Order of the Philadelphia County Court of Common Pleas sustaining Appellees' Preliminary Objections and transferring venue of this case to Delaware County. After careful review, we affirm.

The relevant factual and procedural history, as gleaned from the certified record, is as follows. On March 2, 2013, Margaret McClernan died in a fire at the apartment complexes located at 32 South Wycombe Avenue, Lansdowne, Pennsylvania. Appellant, in her capacity as the Administratrix of

the Estate of Ms. McClernan, filed suit in Philadelphia County against ten individuals and entities who allegedly owned and/or maintained the apartment complex where Ms. McClernan died. The amended complaint averred, *inter alia*, that the named Defendants failed to provide and maintain adequate fire detection and prevention equipment in the complex.[1]

All but two of the Defendants filed Preliminary Objections averring that venue is improper in Philadelphia County.[2] When Appellee's filed their Preliminary Objections challenging venue, they supported their Preliminary Objections with exhibits that the trial court determined demonstrated that:

> [n]ot one single Defendant named in the above-caption was served in Philadelphia County. None of the Defendants reside in Philadelphia County or are registered to do business in Philadelphia County. They do not own property in Philadelphia County, and the property where the decedent died in the fire was not located in Philadelphia County.

Trial Court Opinion, filed 12/23/16, at 2.

On February 22, 2016, the trial court entered a Rule to Show Cause Order, directing Appellant to "show cause why the Preliminary Objections should not be sustained." Rule to Show Cause, filed 2/22/16. The Order

_____

[1] Appellant filed claims for negligence and wrongful death, as well as a survival action.

[2] Defendants Keystone Apartments and Keystone Apartments Joint Venture did not file Preliminary Objections. For purposes of the instant appeal we have used the term "Defendants" to refer to all named defendants in the instant case, and "Appellees" to refer to those Defendants who filed Preliminary Objections contesting venue.

also set a hearing date for the trial court to receive evidence on the question of venue.

Prior to the hearing on the Rule to Show Cause, the parties conducted discovery on the issue of venue. At the hearing, in response to the Rule to Show Cause, Appellant presented evidence of the Philadelphia County business contacts of Appellees Novino Technologies, Inc. and COPS Monitoring.[3] Specifically, Appellant introduced (i) the deposition of Alfred Novino, President of Novino Technologies, Inc.; and (ii) an "investigative report" compiled at Appellant's request that detailed the results of internet searches designed to uncover any connection between Novino Technologies, Inc. or COPS Monitoring and Philadelphia County.

On May 23, 2016, the trial court entered an Order sustaining Appellees' Preliminary Objections and transferring venue of this case to Delaware County.

Appellant filed a timely Notice of Appeal.[4] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement, however, the trial court did file a Pa.R.A.P. 1925(a) Opinion.

On appeal, Appellant raises two issues:

---

[3] Appellant only challenges the trial court's ruling as it pertains to Novino Technologies, Inc. and COPS Monitoring. At the hearing, the parties agreed there is no evidence of Philadelphia contacts for the remaining Appellees.

[4] When a trial court orders the change of venue in a civil action, an interlocutory appeal as of right exists. Pa.R.A.P. 311(c).

1.   Whether the [l]ower [c]ourt erred in shifting the burden of proof onto [Appellant] herein where the issue of improper venue was raised by [Appellees] in Preliminary Objections and, as such, they bore the burden of proof?

2.   Whether the [l]ower [c]ourt erred in sustaining the Preliminary Objections regarding improper venue and in transferring this case to Delaware County where [Appellees] failed to sustain [their] burden of establishing that none of the non-individual Defendants regularly conducted business in Philadelphia at the time in question?

Appellant's Brief at 5.

We review an order sustaining preliminary objections based on improper venue for an abuse of discretion or legal error. *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 970 (Pa. Super. 2009). A trial court's decision to transfer a case, because venue is improper, will not be disturbed if the decision is reasonable in light of the facts. *McMillan v. First Nat. Bank of Berwick*, 978 A.2d 370, 371 (Pa. Super. 2009). If any proper basis exists for the court's decision, that decision must stand. *Goodman v. Fonslick*, 844 A.2d 1252, 1254 (Pa. Super. 2004).

## Burden of Proof

Appellant's first claim raises a pure question of law: who bears the burden of proof in establishing whether or not venue is proper in a given forum. Appellant cites *Gale v. Mercy Cath. Med. Ctr. Eastwick, Inc.*, 698 A.2d 647, 651 (Pa. Super. 1997), for the proposition that Appellees had the burden of proving "that their objections to venue are valid." *Id.* at 14.

Appellant's argument fails to acknowledge the shifting burden of proof that is inherent in improper venue claims.

The plaintiff's chosen forum carries great weight, but it is not absolute or unassailable. *Fritz v. Glen Mills Schools*, 840 A.2d 1021, 1023 (Pa. Super. 2003). Although courts often speak of a presumption in favor of a plaintiff's choice of forum, the presumption "has no application where the trial court [is] faced not with a question of *forum non conveniens* but with the question of whether venue [is] proper in a particular county." *Deyarmin v. Consolidated Rail Corp.*, 931 A.2d 1, 10 (Pa. Super. 2007). This is because "[v]enue either is or it is not proper." *Id.* "If . . . venue . . . is improper, then it is of no import that [the plaintiff] instituted this action in that forum, as the trial court had no jurisdiction to hear the case." *Id.* Accordingly, objections based on improper venue "are treated as raising a question of jurisdiction" for procedural purposes. *Id.* at 9.

In effect, treating an objection based on improper venue as a jurisdictional claim means that the burden of proof will shift between the parties. Initially, "the moving party has the burden of supporting its objections to the court's jurisdiction." *Id.* (emphasis, citation, and quotation omitted). However, once the moving party presents "some evidence" showing that venue is improper, the burden of proving venue shifts to the party asserting that it is proper. *Id.* (citation omitted).

In the instant case, Appellant does not aver that the trial court erred in shifting the burden onto Appellant because Appellees failed to meet their burden of presenting "some evidence" showing venue was improper. Instead, Appellant disavows the burden-shifting nature of improper venue claims altogether and avers that, as a matter of law, the burden should remain with Appellees throughout. Appellant is mistaken, and is not entitled to relief on this claim.

## Improper Venue

In her second issue, Appellant raises the underlying merits of the venue claim, averring that the trial court erred in sustaining the Preliminary Objections "[s]ince Novino Technologies, Inc. and COPS Monitoring both regularly conduct business in Philadelphia[.]" Appellant's Brief at 24.

A defendant can challenge the forum chosen as "improper" but must do so through a preliminary objection to the complaint. Pa.R.C.P. No. 1028(a). In the context of a preliminary objection on improper venue, a trial court looks at the case "by taking a snapshot of" the case at the time it is initiated; if venue is "proper" at that time, it remains "proper" throughout the litigation. **Wilson v. Levine**, 963 A.2d 479, 483 (Pa. Super. 2008).

Corporations have a constitutional right to seek a change of venue. **PECO Energy Co. v. Philadelphia Suburban Water Co.**, 802 A.2d 666, 668 (Pa. Super. 2002). Pennsylvania Rule of Civil Procedure 2179 governs proper venue for personal actions against corporations as follows:

**Rule 2179. Venue**

(a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

>    (1) the county where its registered office or principal place of business is located;
>
>    **(2) a county where it regularly conducts business**;
>
>    (3) the county where the cause of action arose;
>
>    (4) a county where a transaction or occurrence took place out of which the cause of action arose, or
>
>    (5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. No. 2179(a) (emphasis added). These prerequisites to venue are stated in the disjunctive, so acts triggering any one subsection are sufficient to attach venue. *Deyarmin, supra* at 8.

Where, as here, a plaintiff asserts venue based upon regularly conducting business, "the court applies the 'quality' and 'quantity' test to determine if business contacts are sufficient to constitute regularly conducting business for purposes of establishing venue." *Fritz, supra* at 1023.

>    [I]n determining whether a corporation regularly conducts business in a particular county, we must focus on the nature of the acts the corporation allegedly performs in that county, which must be assessed both as to their quantity and quality. Acts satisfying the quality test are those directly…furthering or essential to…corporate objects; they do not include incidental

- 7 -

acts. Acts of sufficient quantity are those so continuous and sufficient to be general or habitual.

*McMillan, supra* at 372-73.

"[T]he acts of the corporation must be distinguished: those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct." *Fritz, supra* at 1023. "Regularly conducting business" does not include incidental acts or acts that are not essential to the business. *Gale, supra* at 652. For example, marketing and advertising in a chosen forum are insufficient contacts to confer venue. *Purcell v. Bryn Mawr Hosp.*, 579 A.2d 1282, 1287 (Pa. 1990) ("Mere solicitation of business in a particular county does not amount to conducting business."). Additionally, website activities are not sufficient because such contact with the chosen forum is merely incidental to a business's activities. *Kubik v. Rte. 252, Inc.*, 762 A.2d 1119, 1125 (Pa. Super. 2000).

Finally, each case rests on its own facts, which are derived from the parties' pleadings and any other evidence of record. *Purcell, supra* at 1286; Pa.R.C.P. No. 1028(c)(2) (allowing court to consider evidence by depositions or otherwise).

Appellant asserts venue in Philadelphia County solely on the basis that "[a]t least two of the parties—[Novino Technologies, Inc.] and COPS Monitoring—regularly conducted business in Philadelphia at the requisite time." Appellant's Brief at 11. We address each Defendant in turn.

*Novino Technologies, Inc.*

Novino Technologies, Inc., based in Delaware County, is an alarm system dealership that installs and repairs alarm system hardware. N.T., 4/11/17, at 8-9; Supplemental Record, filed 4/3/17, at 23. Novino Technologies is located in Delaware County, at 649 South Ave, Suite 3, Secane, Pennsylvania. Supplemental Record at 9. It is registered to do business in Pennsylvania, New Jersey, and Delaware. *Id.* at 9.

At the hearing on the Rule to Show Cause, Appellant introduced a transcript of the deposition of Alfred Novino, President of Novino Technologies, Inc. In his deposition, Mr. Novino testified that Novino Technologies, Inc. pays the Philadelphia Business Privilege tax. In addition, he testified that over the preceding six years, Novino Technologies, Inc. derived between 0.25 and 1 percent of its revenue from business conducted in Philadelphia County. Appellant did not ask, and Mr. Novino did not explain, the nature of the work done in Philadelphia County.

At Mr. Novino's deposition, Appellant presented him with a printout of inquiries generated when potential customers clicked on the "Contact Us" button on Novino Technologies, Inc.'s website. Although many of these inquiries were generated by customers in Philadelphia County, Mr. Novino indicated that the inquiries were sent to the "junk" folder of his email inbox, and that Novino Technologies, Inc. had not done business with any of the

potential customers listed in the printout provided by Appellant. This printout was admitted into evidence at the hearing.

Appellant also submitted the report of a private investigator. Attached thereto is a list of work that Novino Technologies, Inc. completed in Philadelphia County. *See* Supplemental Record at 65.

In sustaining Appellees' Preliminary Objections, the trial court stated that:

> Counsel for [Appellant] was completely unable to prove that [Novino Technologies, Inc.] regularly conducted business in Philadelphia County. The mere fact that [Novino Technologies, Inc.] held a Philadelphia Business Privilege License and that a fraction of their revenue came from Philadlephia in any fiscal year was insufficient to establish that they regularly conduct business in Philadelphia County.

Trial Court Opinion at 5.

After a careful review of the facts of this case, we conclude that the trial court did not abuse its discretion in finding that venue was not proper as to Novino Technologies, Inc. The record reflects that Novino Technologies, Inc., derives less than one percent of its revenue in any given year from business conducted in Philadelphia County.

Moreover, all of the work cited by Appellant in the investigative report, and again in her Brief, was conducted between December of 2004 and September of 2011. *Id.* Ms. McClernan died in an apartment fire in March of 2013. Appellant filed suit in the instant case in February of 2015. When considering whether venue is proper, the relevant inquiry focuses on a

snapshot of the business contacts that exist at the time the case is initiated. *Wilson, supra* at 483. Thus, Appellant's evidence of work orders completed nearly two years before the cause of action arose and nearly four years before the case was initiated is insufficient to establish that venue was proper in Philadelphia at the time the instant case was filed.

*COPS Monitoring*

COPS Monitoring, based in New Jersey, monitors security alarm systems remotely. N.T., 4/11/17, at 8-9. At the hearing on the Rule to Show Cause, counsel for COPS Monitoring stated that COPS Monitoring "is not located in Philadelphia, has no real estate in Philadelphia, and has no office in Philadelphia." *Id.* at 12. Although counsel acknowledged that COPS Monitoring had previously done limited business in Philadelphia, he noted that all of the work is done remotely from New Jersey, and what limited business they have with Philadelphia County clients is "not regular, it's not systematic[,] and it's not continuous[.]" *Id.*

Appellant's only evidence regarding COPS Monitoring was the report of a private investigator detailing the results of various internet searches performed by the investigator. Specifically, the report includes: (i) a printout from Comcast's website, which lists COPS Monitoring at its New Jersey address, as Comcast's alarm monitoring company; (ii) the results of a Google search for a phone number with a 215 area code, where some of the results include the name COPS Monitoring; and (iii) a printout for the Angie's

List page for COPS Monitoring, which lists dozens of counties, including Philadelphia County, under the heading "Clients Served." Supplemental Record, filed 4/3/17, at 52-58.

As the trial court noted:

> [Appellant] should have conducted venue discovery directed to [COPS Monitoring] if [she] sought to use [its] contacts to establish venue in Philadelphia. [She] should have directed interrogatories and requests for production on venue to . . . COPS Monitoring if [she] thought that the contacts of [COPS Monitoring] could establish a right to proceed with [her] cause of action in Philadelphia County. The mere suspicion of counsel that COPS Monitoring had business contacts in Philadelphia County was insufficient to establish venue. [The trial court] expected that [Appellant] would appear at the [hearing] with evidence in support of [her] argument, and [her] failure to do so led to transfer.

Trial Court Opinion at 6.

After a careful review of the facts of this case, we conclude that the trial court did not abuse its discretion in finding that venue in Philadelphia was not proper as to COPS Monitoring. As an initial matter, Appellant did not submit any supporting documents that would show whether any of the "evidence" discovered online, all posted on websites controlled by third parties unrelated to COPS Monitoring, is accurate. We agree with the trial court that the ambiguous results of a few Google searches do little, if anything, to establish that venue is proper in Philadelphia. Moreover, what little evidence was submitted is silent as to the **quality** and **quantity** of COPS Monitoring's business contacts in Philadelphia County. ***Fritz, supra*** at 1023.

Having concluded that the trial court did not err as a matter of law or abuse its discretion, we affirm the Order sustaining Appellees' Preliminary Objections and transferring venue to Delaware County.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017