J-A08010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MOURAD ABDELAZIZ,INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | |
| B. BRAUN MEDICAL INC | : : : | No. 1550 EDA 2020 |

Appeal from the Order Entered July 9, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 191201504

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 3, 2021**

In this toxic tort dispute involving a class action, Mourad Abdelaziz (Abdelaziz), individually and on behalf of all others similarly situated (collectively, "the Class") appeals from the trial court's July 9, 2020 order granting the preliminary objections of B. Braun Medical Inc. ("Braun") and transferring the matter to Lehigh County based upon a finding of improper venue.[1] Abdelaziz contends the trial court erred in determining that Braun did

_____

[*] Former Justice specially assigned to the Superior Court.

[1] This matter is before us as an interlocutory appeal as of right. **See** Pa.R.A.P. 311(c) ("An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles.").

not regularly conduct business in Philadelphia County as pursuant to Pa.R.C.P. 2179, and therefore, that county was not a proper venue for the matter. After careful review, we affirm.

This appeal pertains only to the question of venue.[2] Abdelaziz, a resident of Lehigh County, brought a class action lawsuit against Braun, the owner of a manufacturing facility located in Allentown, Pennsylvania ("Allentown facility") for damages resulting from its purportedly "dangerous and reckless emission of Ethylene Oxide ('EtO')." First Amended Class Action Complaint, 3/9/2020, at ¶ 1. Abdelaziz alleges EtO is a cancer-causing gas, and the Allentown facility uses large volumes of EtO gas to sterilize medical equipment, which is then released into the atmosphere. *See id.*, at ¶¶ 2-3. Abdelaziz claims he and the Class live within the vicinity of the Allentown facility and "have been exposed to large volumes of toxic, cancer-causing EtO gas." *Id.*, at ¶ 4.

Abdelaziz filed a complaint and amended complaint in December of 2019 and March of 2020, respectively, in Philadelphia County. Abdelaziz alleged that due to Braun's negligence, he and the Class were exposed to these dangerous toxic emissions which have placed them at a significant increased risk of contracting several types of cancer and seeks relief in the form of a medical monitoring program. *See id.*, at ¶¶ 69-82.

---

[2] It merits mentioning that this appeal does not concern the issue of *forum non conveniens*.

Braun filed preliminary objections to Abdelaziz's amended complaint, alleging that venue in Philadelphia County is improper pursuant to Pennsylvania Rules of Civil Procedure 1006(e) and 2179 because Braun did not have contacts of sufficient quantity and quality to constitute the regular conduct of business in that county. *See* Defendant B. Braun Medical Inc.'s Preliminary Objections to Plaintiff's First Amended Complaint, 3/17/2020, at ¶ 4. Braun stated that venue lay in Lehigh County and attached the affidavit of Ron Rogozinski, Braun's vice president of sales for IT systems, to the pleading. In his affidavit, Rogozinski averred the following: (1) Braun is a Pennsylvania corporation with its main offices in Lehigh County; (2) Braun does not maintain offices or manufacturing facilities in Philadelphia County; (3) none of Braun's sales representatives maintain home offices in Philadelphia County; (4) none of its employees are residents of Philadelphia County; (5) from January 1, 2017 to December 31, 2018, Braun's total sales of its products to end users in Philadelphia County represented less than one percent (approximately 0.58%) of its overall sales; and (5) from January 1, 2019 to December 31, 2019, Braun's total sales of its products to end users in Philadelphia County represented less than one percent (approximately 0.90%) of its overall sales. *See id.*, at Exhibit 2 (Affidavit of Ron Rogozinski).

Abdelaziz filed a brief in opposition to Braun's preliminary objections, arguing that Braun "engages in business in Philadelphia County with sufficient quantity, quality and regularity by selling its products to hospitals and other

healthcare providers in Philadelphia County over the last several years."
Plaintiff's Brief in Opposition to Defendant's Preliminary Objections to
Plaintiff's First Amended Complaint, 4/13/2020, at 6. Moreover, Abdelaziz
asserted that even though Braun's sales percentage total in Philadelphia
County may appear small, Braun "regularly and persistently" sells its products
in the county. *Id.*, at 7.

On May 29, 2020, the court entered an order requiring the parties to
submit further briefing on the issue of venue. Specifically, the court requested
additional briefing on Braun's quality and quantity of acts, stating it was
"interested in the amount of sales in Philadelphia (dollar amount) as compared
to the total sales nationally, also in specific dollar amount." Order, 5/29/2020,
at 1 n.1. Both parties complied with the court's request. Notably, Braun
redacted the exact dollar amount in its supplemental memorandum based on
confidential and proprietary rights. *See* Defendant B. Braun Medical Inc.'s
Supplemental Memorandum of Law on Venue in According with the Court's
May 29, 2020 Order, 6/18/2020, at 2-3.

On July 9, 2020, the court sustained, in part, Braun's preliminary
objections on venue and transferred the matter to Lehigh County.[3] Abdelaziz

---

[3] *See* Pa.R.C.P. 1006(e) (providing that "[i]f a preliminary objection to venue is sustained and there is a county of proper venue within the State[,] the action shall not be dismissed but shall be transferred to the appropriate court of that county."). The court stated the remainder of the preliminary objections would be handled by the Lehigh County Court of Common Pleas.

filed a motion for reconsideration, which was denied on August 24, 2020. Abdelaziz also filed this timely, interlocutory appeal.[4]

Although Abdelaziz raises several issues on appeal, they can be addressed together. The crux of Abdelaziz's argument is that the trial court erred in finding that the corporation did not regularly conduct business in Philadelphia County. Abdelaziz contends that Braun does not dispute the qualitative portion of the analysis, that its Philadelphia County activity is essential to its fundamental business objectives. **See** Appellant's Brief, at 35. As for the quantitative analysis, he alleges the court erred by "focusing exclusively on the numerical result obtained from dividing the supposed total amount of sales in Philadelphia County by the total amount of sales nationwide[.]" **Id.**, at 36. Relying on several cases,[5] Abdelaziz states the courts have never held that the quantity prong "of the regularly conducting business test should be determined solely by the percentage of revenue

---

[4] The court did not order Abdelaziz to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b), but did issue an opinion on September 3, 2020, adopting its reasoning from its July 9, 2020 order.

[5] **See Monaco v. Montgomery Cab Co.**, 208 A.2d 252 (Pa. 1965) (holding a Montgomery County taxicab company that collected five to ten percent of its fares from patrons in Philadelphia County regularly conducted business in that county), **Canter v. American Honda Motor Corp.**, 231 A.2d 140 (Pa. 1967) (holding that a corporation that derived one to two percent of sales, which ranged from approximately $3.7 million to $4.1 million dollars, from a certain county qualified as regularly conducting business in that county); **and Zampana-Barry v. Donaghue**, 921 A.2d 500 (Pa. Super. 2007) (holding that a Delaware County law firm regularly conducted business in Philadelphia County where it performed three to five percent of its legal services).

- 5 -

derived from a particular county." *Id.* Rather, he claims that "only when a company's business activities in a given county are properly classified as 'isolated and limited,' consisting of 'from only two or three sales' per year, has this Court held the quantity prong of the regularly conducting business test for venue to have been unsatisfied." *Id.*, at 39-40.

In support of this argument, Abdelaziz asserts that Braun failed to carry its burden in proving that his venue choice was improper when it stated that its total sales of its products to end users in Philadelphia County was less than one percent. *See id.*, at 23-24. Abdelaziz argues Braun did not address the amount of services, not just products, that it sold in the county and it failed to define "end user" and clarify if it was referencing all potential purchasers or just one type of purchaser. *Id.*, at 24. Moreover, he states he was not afforded the opportunity to examine and refute the only evidence material to the question of venue – a complete, unredacted version of Braun's June 2020 supplemental memorandum that specifies the dollar amount of sales in Philadelphia as compared to the total sales nationally.[6] *See id.*, at 26-28.

Abdelaziz also claims the record was "clearly inadequate for the [t]rial [c]ourt to transfer venue given the number of factual disputes, the lack of any venue discovery, and the [t]rial [c]ourt's continuing failure to ensure

---

[6] Braun submitted an unredacted copy of the supplemental memorandum to the trial court on June 18, 2020 as an enclosure to a letter correspondence. *See* Defendant B. Braun Medical Inc.'s Response to Plaintiff Mourad Abdelaziz's Motion for Reconsideration, 8/18/2020, at Exhibit 3.

disclosure of the dollar amounts upon which Braun contended that it does not regularly conduct business in Philadelphia County." *Id.* at 29-30. He states "[s]imple venue discovery" would have allowed the court to make a proper ruling on the issue, and he requested such action in both his response and supplementary response to Braun's preliminary objections. *Id.*, at 31. Abdelaziz concludes the court deprived him of the opportunity to create a factual record on venue by not permitting the parties to conduct discovery when it issued its July 9, 2020 order. *See id.*, at 33.

Our review is limited to whether the trial court abused its discretion in granting preliminary objections asserting improper venue. *See Hangey v. Husqvarna Prof'l Prods.*, 247 A.3d 1136, 1140 (Pa. Super. 2021) (*en banc*). An abuse of discretion is, in relevant part, "not merely an error of judgment, but occurs only where the law is overridden or misapplied[.]" *Lomas v. Kravitz*, 170 A.3d 380, 389 (Pa. 2017).

> A [p]laintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. [I]f there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand.

*Hangey*, 247 A.3d at 1140 (citations and quotation marks omitted). The "question of improper venue is answered by taking a snapshot of the case at the time it is initiated: if it is proper at that time, it remains proper throughout the litigation." *Zappala v. Brandolini Property Management, Inc.*, 909 A.2d 1272, 1281 (Pa. 2006) (quotation marks omitted).

Venue, as to personal actions against corporate or other business entity defendants, is governed by Pennsylvania Rule of Civil Procedure 2179(a), which provides, in pertinent part, that such actions "may be brought in and only in … a county where it regularly conducts business[.]" Pa.R.C.P. 2179(a)(2). ***See also*** Pa.R.C.P. 1006(b) (stating actions against corporations or similar entities may be brought only in counties designated by Rule 2179).

> In determining whether a corporation or partnership regularly conducts business in a county, we employ a quality-quantity analysis. A business entity must perform acts in a county of sufficient quality and quantity before venue in that county will be established. Quality of acts will be found if an entity performs acts in a county that directly further or are essential to the entity's business objective; incidental acts in the county are not sufficient to meet the quality aspect of the test. Acts that aid a main purpose are collateral and incidental while those necessary to an entity's existence are direct. Quantity of acts means those that are sufficiently continuous so as to be considered habitual. Each case must be based upon its own individual facts.
>
> …
>
> It must be remembered that it is the word 'regularly' which we are construing and not 'principally.' A corporation [or partnership] may perform acts 'regularly' even though these acts make up a small part of its total activities.

***Zampana-Barry v. Donaghue***, 921 A.2d 500, 503-504, 506 (Pa. Super. 2007) (citations and quotation marks omitted). "In combined form, … the acts of the corporation must be distinguished: those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct." ***Purcell v. Bryn Mawr Hosp.***, 579 A.2d 1282, 1285 (Pa. 1990) (citation and internal quotation marks omitted).

Here, the trial court found the quantity of Braun's contacts with Philadelphia County was insufficient to establish venue based on the following:

> When focusing on sales, the Pennsylvania Supreme Court and Superior Court have consistently looked at percentages to determine this analysis. In a review of the cases, the most liberal standard that emerges is that in-county sales should be greater than 1% of a defendant's total sales for the defendant to be regularly conducting business in that county. **Canter v. American Honda Motor Corp.**, 231 A.2d 140 (Pa. 1967). The Superior Court in **Zampana** also focused solely on the percentage of in-county revenues, rather than the specific dollar amount of revenue.
>
> Here, [Braun]'s sales in Philadelphia account for less than 1% of its sales for the past three years, below the threshold set by **Canter**. Accordingly, following a review of the record, there is no other sufficient contact to tie [Braun] to Philadelphia County in the quantity-quality analysis. [Braun] has no office or other facility in Philadelphia, has no employees who reside in Philadelphia, and does not pay the salary of any employee in Philadelphia. Braun's corporate headquarters is located in Lehigh County, as is the medical device manufacturing facility that is the alleged source of the claimed emissions of ethylene oxide. Accordingly, the quantity of Braun's contacts with Philadelphia County is insufficient to establish venue.

Order, 7/9/2020, at n.1.[7]

Most recently, an *en banc* panel of this Court in **Hangey** addressed the question of whether a percentage of a defendant's business is sufficient to

---

[7] It appears the trial court did not reach the issue of whether Braun's contacts were "quality" contacts with Philadelphia because the quantity prong was not met.

satisfy the quantity prong.[8] The **Hangey** Court held that the "percentage of a company's overall business that it conducts in a given county, standing alone, is not meaningful and is not determinative of the quantity prong." **Hangey**, 247 A.3d at 1142 (internal quotation marks omitted). The Court further opined:

> Each case turns on its own facts, and we must evaluate evidence of the extent of a defendant's business against the nature of the business at issue. A small or local business may do all of its work in just a few counties or even a single one, while a large business may span the entire nation. Indeed, the percentage of sales a multi-billion-dollar company makes in a particular county will almost always be a tiny percentage of its total sales. Courts thus should not consider percentages in isolation. Rather, courts must consider all of the evidence in context to determine whether the defendant's business activities in the county were regular, continuous, and habitual.

**Id.** However, the **Hangey** Court noted that its conclusion was not an attempt to "approve or disprove" any of its prior decisions, but rather, its analysis was "based on the prior precedents of the Pennsylvania Supreme Court and consistent with those of our Court." **Hangey**, 247 A.3d at 1143.

While **Hangey** was filed after the trial court issued its July 2020 order, it is evident based on the court's analysis that it did not solely focus on the percentage of business Braun conducted in Philadelphia County as Abdelaziz

---

[8] After this panel heard oral argument in this case, Abdelaziz filed a post-submission communication indicating **Hangey** "otherwise affect[s] the authorities relied upon in the parties' briefings." Appellant's Post-Submission Communication Pursuant to Pennsylvania Rule of Appellate Procedure 2501(b).

- 10 -

asserts in his appellate brief. **See** Appellant's Brief, at 36. Rather, the court found that there was a plethora of additional evidence to support its determination that there was insufficient evidence regarding Philadelphia County to satisfy the quantity prong of the venue analysis. For example, the court pointed to the fact that Braun has no office or other facility in Philadelphia, it has no employees who reside in the county, and it does not pay the salary of any employee in the county. Indeed, if one were to take a snapshot of the case at the time it was initiated, other than a minute percentage of sales, there was no evidence demonstrating Braun's contacts with Philadelphia County were continuous, habitual, or regular. **See Zappala**, 909 A.2d at 1281; **Zampana**, 921 A.2d at 503-504, 506. Accordingly, we discern no abuse of discretion on the court's part in determining that Braun's contacts with Philadelphia County were of insufficient quantity to sustain venue.

To the extent Abdelaziz argues the court abused its discretion in not allowing further discovery on the issue of venue, we acknowledge that in reviewing a challenge to venue, a court relies on facts raised "by depositions or otherwise." Pa.R.C.P. 1028(c). "A trial court has discretion to determine the lack of need for further discovery on the issue of venue, and we review its decision in that regard for abuse of discretion." **Deyarmin v. CONRAIL**, 931 A.2d 1, 7 (Pa. Super. 2007) (citation omitted). Moreover,

> [t]he moving party has the burden of *supporting* its objections to the court's jurisdiction. Once the plaintiff has produced some

evidence to support jurisdiction, the defendant must come forward with some evidence of his own to dispel or rebut the plaintiff's evidence. The moving party may not sit back and, by the bare allegations as set forth in the preliminary objections, place the burden upon the plaintiff to negate those allegations. *It is only when the moving party properly raises the jurisdictional issue that the burden of proving jurisdiction is upon the party asserting it*. If an issue of fact is raised, the court shall take evidence by deposition or otherwise. The court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions, or an evidentiary hearing. Where an essential factual issue arises from the pleadings as to the scope of a defendant's activities within the Commonwealth, the plaintiff has the right to depose defendant as to his activities within the Commonwealth, and the court must permit the taking of the deposition before ruling on the preliminary objections.

*Id.*, at 9 (emphasis added) (citation omitted).

While Abdelaziz did not initially bear the burden of defending his venue choice, once Braun raised the jurisdictional issue and alleged the facts set forth in the Rogozinski affidavit to demonstrate the chosen venue was not proper, the burden shifted to Abdelaziz to produce evidence that rebutted this information. Abdelaziz failed to do so. Moreover, other than mere mentions of requesting discovery in his in his response and supplementary response to Braun's preliminary objections,[9] Abdelaziz did not attempt to obtain discovery by one or more of the methods set forth in Pa.R.C.P. 4001(d) (*i.e.*, depositions

---

[9] For example, in his brief in opposition to Braun's preliminary objections, Abdelaziz stated: "If the Court finds that additional information is needed to address venue, Plaintiff requests leave to conduct discovery with regard to Defendant's business activity in and contacts with Philadelphia County." Plaintiff's Brief in Opposition to Defendant's Preliminary Objections to Plaintiff's First Amended Complaint, 4/13/2020, at 7.

upon oral examination, written interrogatories, production of documents, requests for admissions). He has only complained that he did not receive an unredacted version of Braun's June 2020 supplemental memorandum.

Lastly, we note this Court has previously determined that a trial court does not abuse its discretion by failing to order discovery on the issue of whether a defendant satisfies the quality-quantity prongs of the venue test. **See Fritz v. Glen Mills Sch.**, 840 A.2d 1021 (Pa. Super. 2003). There, the Court agreed with the trial court that the quality of a Delaware County juvenile institution's activities in and related to Philadelphia County were not sufficient to make the later county the proper venue for the case even though approximately 35% of its students were from Philadelphia and it utilized the Philadelphia Court System. **See id.**, at 1023-1024.

> The **Fritz** Court pointed out the following:
>
> The trial court assumed that the [plaintiff's] allegations were true but nonetheless found venue improper in Philadelphia. While the trial court's factual findings were made without the benefit of sworn depositions or an evidentiary hearing, [this Court's] review of the parties' pleadings indicates that there were no disputed facts raised by appellant for purposes of establishing venue in Philadelphia, the determination of which would have been dispositive to the question of venue. It was well within the trial court's discretion to determine the lack of need for further discovery on the question of venue.

**Id**., at 1024 (citation omitted)

Here, while the trial court's determination was not based on depositions or extensive discovery, the record demonstrates that further discovery would not have altered the outcome. It is evident the trial court assumed Abdelaziz's

- 13 -

allegations were true but nevertheless found that venue was improper in Philadelphia County. Moreover, Abdelaziz generally alludes to the existence of various issues of material fact but he does not specifically dispute any of the factual bases of the trial court's determination, *i.e.*, the residences of the employees and the location of the facility. ***See*** Appellant's Brief, at 29-30. Abdelaziz's argument, without more than bald assertions, does not persuade us to conclude otherwise.

Accordingly, we conclude the trial court did not abuse its discretion in analyzing the venue issue and determining that Braun lacked sufficient contact with Philadelphia County to establish venue there. Therefore, Abdelaziz is not entitled to any relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2021